# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES C. MERCER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 02-0767-CV-W-FJG |
| HEWLETT-PACKARD COMPANY, a/k/a DELAWARE HEWLETT-PACKARD COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

### INTRODUCTION

Plaintiff James Mercer's Complaint consists of several claims relating to the alleged denial of long-term disability benefits to him by his employer, HP. Plaintiff specifically alleges that he was a beneficiary of HP's disability insurance/income protection plan (the *"Plan"*). All of Plaintiff's claims are predicated on the same set of facts: Plaintiff's allegation that he had a right to receive long-term disability benefits under the Plan -- a right which he claims HP has wrongfully denied to him. As admitted in the First Amended Complaint, the Plan is an employee welfare benefit plan governed by ERISA. As such, ERISA exclusively governs Plaintiff's claims for benefits and preempts his claims for relief under state law. Because Plaintiff's state law claims are preempted by ERISA, they should be dismissed with prejudice.

The First Amended Complaint asserts three separate claims for relief: (1) breach of fiduciary duty under ERISA, 29 U.S.C. § 1001 *et seq.*, (2) violation of the Missouri Insurance Unfair Claims Settlement Practices Act, and (3) bad faith, with a request for punitive damages.

This Motion to Dismiss addresses only the second and third causes of action, which are brought under state law. The first cause of action, while inartfully styled as a claim for breach of fiduciary duty under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), is, at bottom line, a claim for benefits under the Plan. *See* ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). As such, the first claim for relief is more amenable to disposition on a motion for summary judgment.

## DISCUSSION

### I. ALL OF PLAINTIFF'S STATE LAW CLAIMS FOR RELIEF ARE PREEMPTED BY ERISA AND SHOULD BE DISMISSED

The Plan at issue in this case is a disability plan, a type of employee welfare benefit plan governed by ERISA. All but Plaintiff's first claim for relief are founded exclusively on state law and relate to Plaintiff's contention that he had a right to benefits under the Plan. Plaintiff's state law claims are preempted by ERISA because they implicate ERISA and its civil enforcement provisions. Courts have consistently held that claims similar to those asserted by Plaintiff in this action are preempted by ERISA, and should be dismissed. The result should be no different here.

#### A. ERISA Governs The Plan.

ERISA applies to any employee benefit plan established or maintained by any employer engaged in interstate commerce or any industry or activity affecting commerce. ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1). To be an "employee benefit plan" within the meaning of ERISA, a plan must be a welfare plan, a pension plan, or both. ERISA § 3(3), 29 U.S.C. § 1002(3). Welfare benefit plans include "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants . . . benefits in the event of sickness, accident, disability, death or unemployment." ERISA § 3(1), 29 U.S.C. § 1002(1). The Plan at issue in this action is clearly an employee welfare benefit plan in that it

2

provides disability benefits to employees who are disabled from work. *Guthrie v. Hewlett-Packard Co. Employee Benefits Organization*, 773 F. Supp. 1414 (D. Colo. 1991) (ruling that the very Plan involved in this case is an employee welfare benefit plan under ERISA).

### B. ERISA Preempts Plaintiff's Claims for State Law Relief.

ERISA provides for uniform, federal regulation of employee benefit plans, including the self-funded disability plan at the heart of this lawsuit. Congress' intent that regulation of these plans would always remain "exclusively a federal concern," *Alessi v. Raybestos-Manhattan, Inc*., 451 U.S. 504, 523 (1981), is reflected in the broad sweep of ERISA's preemption clause, which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." ERISA § 514(a), 29 U.S.C. § 1144(a). To preserve uniformity and avoid the risk of conflicting mandates, the Supreme Court has "long acknowledged that ERISA's pre-emption provision is 'clearly expansive,'" *California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997) (citation omitted), and "conspicuous for its breadth," *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990). *Accord Johnston v. Paul Revere Life Ins. Co.,* 241 F.3d 623, 629-30 (8th Cir. 2001); *Hull v. Fallon*, 188 F.3d 939, 942 (8th Cir. 1999), *cert. denied,* 528 U.S. 1189 (2000).

For purposes of preemption, a state law "relates to" an employee benefit plan when it "has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990) (quoting *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 96-97 (1983)). The state law need not target or even operate directly on employee benefit plans in order to fall within ERISA's preemptive scope. *Johnston*, 241 F.3d at 630. Thus, even "an indirect effect is sufficient to bring the law within the intended reach of the preemption provision." *Bennett v. Hallmark Cards, Inc.,* 2 A.D. Cases (BNA) 1137, 1138 (W.D. Mo. 1993) (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990), and *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41

3

(1987)). It is only when a state law's connection with an ERISA plan is "tenuous, remote, or peripheral," that preemption is inappropriate. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n.21 (1983).

The Supreme Court has held that common law causes of action "based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for preemption under § 514(a) [of ERISA]." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987). Accord *Painter v. Golden Rule Ins. Co.*, 121 F.3d 436, 440 (8th Cir. 1997) (holding when plaintiff's claim for benefits is governed by ERISA, state law claims for alleged mishandling of benefits claim are preempted by ERISA), *cert. denied*, 523 U.S. 1074 (1998); *Coonce v. Aetna Life Ins. Co.*, 777 F. Supp. 759, 768-69 (W.D. Mo. 1991) (holding claims involving improper processing of claim for benefits are preempted by ERISA). This is true no matter what title the plaintiff gives to the cause of action. Thus, courts have held a variety of state and common law causes of action are preempted by ERISA when they relate to the administration of benefits under an ERISA plan. *See, e.g., Howard v. Coventry Health Care*, 293 F.3d 442 (8th Cir. 2002) (breach of contract, violation of public policy, and bad faith claims); *Hull v. Fallon*, 188 F.3d 939 (8th Cir. 1999) (medical malpractice); *Howe v. Varity Corp.*, 36 F.3d 746, 752-53 (8th Cir. 1994) (fraudulent misrepresentation), *aff'd*, 516 U.S. 489 (1996); *Kuhl v. Lincoln National Health Plan*, 999 F.2d 298 (8th Cir. 1993) (tortious interference with right to contract, breach of contract, medical malpractice, emotional distress), *cert. denied*, 510 U.S. 1045 (1994); *Bennett v. Hallmark Cards, Inc.*, 2 A.D. Cases (BNA) 1137 (W.D. Mo. 1993) (claims under Missouri Human Rights Act for discrimination and retaliation).

As the court in *Hull v. Fallon* explained, it does not matter how the claim is characterized or titled. If "the essence of [the] claim rests on the denial of benefits," the claim falls within the

scope of ERISA and is therefore preempted by ERISA. 188 F.3d at 943. In *Bennett v. Hallmark Cards, Inc.*, the court held that the first count of the plaintiff's complaint, alleged as a discrimination claim under state law, sought "primarily to recover benefits under the defendant's Long-Term Disability plan." 2 A.D. Cases (BNA) at 1139. Because "[t]he plaintiff's claims directly implicate[d] the defendant's right to exclude or limit health benefits under the terms of its plan," the plan itself was "at issue" and the claim for discrimination was preempted by ERISA. *Id.*

In the instant case, Plaintiff's state law causes of action fall squarely within ERISA's broad scope of preemption because they relate to the administration of benefits under the Plan. Plaintiff's second count alleges that HP refused to make periodic disability payments "in violation of the provisions of said disability insurance policy entitling the plaintiff to damages under the Missouri Insurance vexatious refusal to pay statutes." Similarly, Plaintiff's third count alleges that HP in bad faith "failed and refused to provide" Plaintiff with long-term disability benefits. *The central premise of both of these claims is the existence and administration of the Plan through which Plaintiff is allegedly entitled to the benefits he claims.* Since the Plan is an employee welfare plan governed by ERISA, Plaintiff's state law claims are preempted by ERISA.

Plaintiff's second claim for relief is not saved from preemption under the ERISA Savings Clause (29 U.S.C. § 1144(b)(2)(A)) as a law "which regulates insurance." The Eighth Circuit Court of Appeals and this Court have already determined that Missouri's vexatious refusal to pay statute, upon which Plaintiff bases his second claim, does not fall within ERISA's "savings clause" and therefore is preempted by ERISA. *Glenn v. Life Ins. Co. of North America*, 240 F.3d

679, 681 (8th Cir. 2001); *In re Life Ins. Co. of North America*, 857 F.2d 1190, 1194 (8th Cir. 1988); *Coonce v. Aetna Life Ins. Co.*, 777 F. Supp. 759, 765 (W.D. Mo. 1991).

Moreover, because the Plan is self-funded,[1] it is not subject to any state laws that purport to regulate the insurance industry. ERISA expressly provides that:

> Neither an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for the purposes of any law of any state purporting to regulate insurance companies, insurance contracts, banks, trust companies or investment companies.

29 U.S.C. § 1144(b)(2)(B). The above-referenced "deemer" provision excludes any self-insured welfare benefit plan from coverage under any state law regulating insurance. *Rush Prudential HMO, Inc. v. Moran*, ___ U.S. ____, 122 S. Ct. 2151, 2162 n.6 (2002); *see also Hoeflicker v. Central States, Southeast and Southwest Areas Health & Welfare Fund*, 644 F. Supp. 195, 199-200 (W.D. Mo. 1986). Thus, without the protection of ERISA's "savings clause," Plaintiff's claim for violation of Missouri's vexatious refusal to pay statute is clearly preempted by ERISA.

ERISA not only preempts state and common law causes of action that relate to ERISA plans, but provides the <u>exclusive</u> remedy for such claims. Congress intended that ERISA be the exclusive vehicle of redress whenever an individual has an action available under ERISA § 502(a). *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 50-51 (1987); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987) ("[A] suit by a beneficiary to recover benefits from a covered plan . . . falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes"). Section 502(a)(1)(B) states in pertinent part:

---

[1] Defendant has submitted a Request for Judicial Notice of the Plan. Section 4 of the Plan describes its funding policy and provides that Hewlett-Packard and its participating subsidiaries "shall pay the entire amount" of contributions to the Plan.

6

> A civil action may be brought by a participant or beneficiary . . . to recover benefits due him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his future benefits under the terms of the plan.

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Accordingly, Plaintiff's third count seeking punitive damages arising out of Hewlett-Packard's conduct in allegedly denying benefits to Plaintiff is also preempted.[2] Plaintiff's remedies for Defendant's alleged misconduct are governed exclusively by ERISA.

Because Plaintiff's state law claims seek to recover benefits and enforce other rights under HP's ERISA-governed disability insurance plan, ERISA is the appropriate and exclusive vehicle for redress of these claims. Although ERISA exclusively governs these claims, Plaintiff erroneously seeks state law remedies for them. The Court should, therefore, dismiss Plaintiff's second and third claims for relief because they fail to state any claim upon which relief may be granted. *Howard*, 293 F.3d at 443 (holding 12(b)(6) dismissal of state law claims is proper where claims are preempted by ERISA); *Hull*, 188 F.3d at 941 (affirming 12(b)(6) dismissal of state law claims that provided an alternative enforcement mechanism to ERISA).

## CONCLUSION

ERISA preempts Plaintiff's second and third claims for relief under state law because they relate to an ERISA-governed employee benefit plan. Plaintiff's only remedy, if any, for these claims lies under ERISA. For these reasons, the Court should grant Defendant's Motion to Dismiss Plaintiff's second and third counts with prejudice and without leave to amend.

---

[2] The only basis for a claim for punitive damages would have to be under State law since punitive damages are not recoverable under ERISA. *Howe,* 36 F.3d at 752; *Spinelli v. Gaughan*, 12 F.3d 853, 857 n.3 (9th Cir. 1993); *Novak v. Andersen Corp.*, 962 F.2d 757, 761 (8th Cir. 1992), *cert. denied*, 508 U.S. 959 (1993). *See also Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 138, 144 (1985) (punitive damages not available for claim for breach of fiduciary duty under ERISA § 502(a)(2)); *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993) (punitive damages not available for claim under ERISA § 502(a)(3)).

DATE: September 27, 2002

Respectfully submitted,

LEWIS, RICE & FINGERSH, L.C.

By: /s/ Scott M. Brinkman
    Douglas C. McKenna, MO #26116
    Scott M. Brinkman, MO #46731
    One Petticoat Lane
    1010 Walnut Street, Suite 500
    Kansas City, Missouri 64106
    Phone: 816-421-2500
    Fax:   816-472-2500

Joseph P. Busch
Gibson, Dunn & Crutcher, L.L.P.
4 Park Plaza
Irvine, California 92614-8557
Phone: 949-451-3800
Fax:   949-451-4220

ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first-class mail, postage prepaid, on this 27th day of September, 2002, upon:

Donald P. Herron
Herron & Lewis
400 East 95th Street, Suite E
Kansas City, Missouri 64131

ATTORNEY FOR PLAINTIFF
JAMES C. MERCER

                                                      /s/ Scott M. Brinkman
                                                      Attorney for Defendant
                                                      Hewlett-Packard Company

F:\LRF\SMB\Hewlett Packard\Pleadings\MemoInSupportOfMotionToDismissAmendedComplaint.DOC